**FILED**

JUL -1 2025

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Nathan Caffey,

Plaintiff,

v.

Grand River Dam Authority Police Department,

Cherokee Nation District Court,

Robbins Wrecker Service,

Defendants.

Case No. _____

CIV-25-216-JAR

COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
(Jury Trial Demanded)

## I. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) for violations of Plaintiff's civil rights under 42 U.S.C. § 1983 and related federal laws.

Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within this district.

## II. PARTIES

Plaintiff: Nathan Caffey, a private American national, residing in Oklahoma, acting in propria persona and sui juris, not as a corporate fiction or artificial entity.

Defendants:

1. GRDA Police Department, an agency acting under color of state/federal law.
2. Cherokee Nation District Court, operating in a quasi-judicial corporate capacity under administrative code and alleged tribal jurisdiction.
3. Robbins Wrecker Service, a private tow company operating as a third-party actor depriving Plaintiff of private property without due process.

## III. FACTUAL BACKGROUND

On or about May 30, 2025, Plaintiff's private automobile was **unlawfully stopped, seized, and towed** without any criminal charges, lawful warrant, or valid court order. Plaintiff was told he needed a commercial **license, registration, and insurance**, despite not engaging in commerce or public carriage.

Over the following **month**, Plaintiff was given inconsistent and unlawful instructions by the above-named Defendants. Each party **burden-shifted** responsibility to the others. No party provided lawful authority or proof of jurisdiction for the impoundment, creating **economic hardship, emotional distress**, and **loss of private property**.

## IV. UNREBUTTED NOTICE AND AFFIDAVITS

Plaintiff sent lawful affidavits of fact, corporate denial, and notices to all parties. No party rebutted these claims, establishing default under both UCC 1-308 and general civil procedure. Plaintiff clearly reserved his rights and demanded immediate release of property.

## V. LEGAL CLAIMS

### Count I – Deprivation of Rights under Color of Law
(42 U.S.C. § 1983; 18 U.S.C. §§ 241, 242)

All named Defendants, acting individually and in concert, violated Plaintiff's constitutionally protected rights including:
- The right to **travel freely** (Fifth and Fourteenth Amendments)
- The right to be **secure in property** (Fourth Amendment)
- The right to **due process** before seizure (Fifth and Fourteenth Amendments)

Defendants enforced **statutory and administrative codes** meant for **commercial entities**, against a private, non-commercial man, under color of law.

## VI. DAMAGES AND HARDSHIP

Plaintiff is a **disabled individual on Social Security Disability Insurance (SSDI)**, receiving under $900/month. As a result of Defendants' actions:
- Plaintiff has incurred **$950 in towing fees** and growing daily
- Plaintiff lost **over $1,500 in essential property** inside the vehicle:
  - A **Canik 9mm firearm ($450+)**, camping gear, clothing, and food
  - **Melted ice water** leaked inside the vehicle, possibly damaging electronic seat mechanisms, wiring, and safety sensors (est. repair: $500–$1,000)
- Plaintiff was forced to stay in a relative's home for weeks, causing:
  - At least **$500 in travel and food costs**
  - Family members missed **multiple workdays**
  - Emotional stress and disruption of personal medical routines
  - Plaintiff's grandmother, mother, and others had to **transport him 200+ miles** repeatedly, costing lost income and emotional stress

## VII. PATTERN OF NON-ENFORCEMENT AND CONFIRMED LAWFUL STATUS

Plaintiff has traveled privately for **over 10 years** without license, registration, or insurance under the belief—backed by law and affirmed by multiple **sheriffs, police chiefs, lawyers, and even a former judge**—that he was lawfully doing so when **not engaged in commerce**.

Only once before has Plaintiff been charged, and in every other case, law enforcement **released him without issue**, acknowledging his peaceful demeanor, lawful standing, and private ownership of the automobile.

This proves a **pattern of non-enforcement** that makes this seizure **arbitrary, discriminatory,** and lacking any legal basis.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully demands the following relief:

1. Immediate **injunctive relief**—the release of his private automobile and property
2. Declaratory relief confirming Plaintiff's **non-commercial status** and the unlawful seizure
3. **$10,000 in compensatory damages** for hardship, time, and emotional harm
4. Punitive damages as the Court deems just
5. Fees **waived** due to Plaintiff's SSDI status (Form AO 240 enclosed)
6. Any other relief the Court deems proper

# IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# X. VERIFICATION

I, Nathan Caffey, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 25 day of June, 2025.

Signature: _____

Nathan Caffey,

Attorney in Fact, Sui Juris

Priority Creditor and Authorized Representative of the Estate of NATHAN AUSTIN CAFFEY

Mailing Address:

[~~Use Robbins Wrecker's Willis St address here or your current PO Box~~]

9919654471 Rd