# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  NATHAN CAFFEY, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-CV-216-RAW-JAR |
| | ) | |
| (1)  GRAND RIVER DAM POLICE DEPARTMENT, | ) ) | |
| (2)  CHEROKEE NATION DISTRICT COURT, | ) | |
| (3)  ROBBINS WRECKER SERVICE, | ) | |
| | ) | |
|         Defendants. | ) | |

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on the evaluation of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff, acting pro se,[1] commenced this action in this Court on July 1, 2025 (Docket No. 1). On July 9, 2025, this Court granted Plaintiff's request to proceed in forma pauperis (Docket No. 7). By Minute Order entered on August 11, 2025, United States District Judge Ronald A. White referred the matter to the undersigned for all pretrial proceedings consistent with 28 U.S.C. § 636 (Docket No. 11).

The granting of in forma pauperis status, however, does not conclude the Court's inquiry. "Once leave has been granted, the [Court] may … dismiss the complaint, even prior to service of process, if it determines the complaint to be

---

[1] Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe Plaintiff's pro se pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

1

frivolous or malicious." *McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1986). The Court is mandated to dismiss the case at any time if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if the factual contentions supporting the claim are 'clearly baseless,' or the claim is based on a legal theory that is 'indisputably meritless.'" *Olson v. Stotts*, 9 F.3d 1475, 1476 (10th Cir. 1993) (citations omitted). Courts need not require service of process or the filing of an answer when the face of the complaint reveals that the action is frivolous. *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987) (citing *Henriksen v. Bentley*, 644 F.2d 852, 853–54 (10th Cir. 1981)).

I.     FACTUAL BACKGROUND AND OVERVIEW OF ALLEGATIONS

The Complaint arises from a May 30, 2025 incident in which Plaintiff alleges his privately owned automobile was stopped, seized, and towed by the Grand River Dam Authority Police Department without a warrant, probable cause, or criminal charges. Plaintiff names as defendants the GRDA Police Department, the Cherokee Nation District Court, and Robbins Wrecker Service. (Docket No. 1 at 1).

Plaintiff asserts that he is a "private American national", "acting in propria persona," "sui generis," and "not as a corporate fiction or artificial entity". (Id.). Plaintiff believes that as a non-commercial traveler, he is exempt from state vehicle registration, driver licensing, and insurance requirements. He contends that Defendants acted without jurisdiction, misapplied commercial codes to his private travel, and failed to provide lawful documentation for the seizure. He further alleges that he served each defendant with "lawful affidavits" under UCC § 1-308, which

went unrebutted and thus, in his view, established default liability. (Docket No. 1 at 2).

Plaintiff claims damages under 42 U.S.C. §1983 and 18 U.S.C. §241 and 242 alleging the named Defendants, acting individually and an in concert, violated his constitutionally protected rights to travel freely, be secure in his property, violated his due process, and "enforced statutory and administrative codes meant for commercial entities, against a private, non-commercial man, under color of law". (Id.).

Plaintiff seeks the following damages:

1. Immediate injunctive relief for the release of his vehicle;
2. Declaratory relief confirming his alleged non-commercial status;
3. $10,000 in compensatory damages for hardship, time, and emotional harm;
4. Punitive damages.

## II.   JURISDICTION AND LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the party invoking jurisdiction bears the burden of establishing a proper basis. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than labels and conclusions; it must contain enough factual content to state a claim that is plausible on its face. Id.

Pro se litigants are entitled to liberal construction of their pleadings, but the Court is not required to entertain incoherent or baseless legal theories.

### III.     SOVEREIGN CITIZEN ARGUMENTS AND FRIVOLITY

Plaintiff's claims are dominated by hallmarks of the sovereign citizen movement, including assertions that he is exempt from state laws governing driver licensing, vehicle registration, and insurance; that he is a "private American national", "acting in propria persona," "sui generis," and "not as a corporate fiction or artificial entity"; and that the Uniform Commercial Code permits him to "reserve rights" and nullify enforcement actions by affidavit.

The "sovereign citizen" movement traces its roots to anti-government ideologies in the late 20th century, including the Posse Comitatus and tax-protester movements. At its core, the ideology rests on the legally baseless premise that individuals may unilaterally declare themselves outside the jurisdiction of the courts by adopting self-styled legal identities. Courts have uniformly and repeatedly rejected these arguments as "wholly meritless" and "utterly without legal foundation." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (status as "sovereign citizen" has "no conceivable validity in American law"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (argument is "plainly frivolous"); *United States v. My Dr. Suggests LLC*, 2021 WL 662442, at *2 (D. Utah Feb. 19, 2021); *Osorio v. Connecticut*, 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018).

These theories should be rejected summarily. They are incompatible with the rule of law and reflect pseudo-legal rhetoric rather than justiciable claims.

4

## IV. FAILURE TO STATE A CLAIM

Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The Court must distinguish between well-pleaded factual allegations—which are accepted as true at the screening stage—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are not entitled to the assumption of truth. *Id.* at 678. Where the complaint offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is required. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Plaintiff's pleading fails to cross the *Iqbal* plausibility threshold for several reasons:

1. Absence of Non-Conclusory Facts – Plaintiff alleges his vehicle was "unlawfully" seized without warrant, probable cause, or charges. But he provides no factual detail about the stop, such as the conduct of specific officers, the precise location, the stated reason for the stop, or any circumstances showing the seizure violated clearly established law. Instead, the claim rests on the legal conclusion that licensing, registration, and insurance requirements do not apply to him.

2. Reliance on Legal Conclusions Masquerading as Facts – Assertions that Defendants "lacked jurisdiction," "acted under commercial code," or "failed to

rebut affidavits" are legal conclusions, not factual allegations. *Iqbal* expressly holds that such conclusions are insufficient to state a claim without supporting factual content.

3. No Personal Involvement Alleged – The Complaint fails to identify any individual actor or specific conduct attributable to each named defendant. The GRDA Police Department is referenced generally; the Cherokee Nation District Court is named without identifying a judge or factual act; and Robbins Wrecker Service is mentioned without alleging facts showing it acted under color of state law. Under *Iqbal*, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." 556 U.S. at 677.

4. Speculative and Unverifiable Assertions – Plaintiff's contention that unrebutted UCC § 1-308 affidavits create default liability is not a fact capable of verification; it is a meritless legal theory. The same is true of his claim that travel on public roads without a license is "lawful private travel" immune from regulation. *Iqbal* directs courts to disregard such "naked assertions devoid of further factual enhancement." 556 U.S. at 678.

5. Lack of a Plausible Link Between Conduct and Harm – While Plaintiff lists alleged economic losses, he does not plausibly connect those losses to unlawful conduct by a specific defendant acting under color of law. This disconnect is fatal under the *Iqbal/Twombly* framework, which requires a "context-specific" plausibility showing that allows the court to draw a reasonable inference of liability. *Id.* at 679.

In sum, even if every non-conclusory factual statement in the Complaint were accepted as true, the pleading fails to allege a set of facts that, if proven, would entitle Plaintiff to relief under any cognizable legal theory. Instead, the Complaint is dominated by conclusory statements, pseudo-legal jargon, and speculative assertions. Exactly the type of pleading *Iqbal* instructs courts to disregard.

## V.   LACK OF STANDING

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." The "irreducible constitutional minimum of standing" requires a plaintiff to establish three elements: (1) an injury in fact, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, that is, the injury must be fairly traceable to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiff's allegations fail to meet each of these requirements:

1. No Concrete and Particularized Injury – Plaintiff asserts that his automobile was "unlawfully" seized and towed, and that he suffered economic and emotional harm. However, the underlying premise of this alleged injury is his belief that state vehicle licensing, registration, and insurance laws do not apply to him. Such a self-created legal theory does not transform the lawful enforcement of neutral traffic laws into a cognizable injury-in-fact. Alleged

"injuries" arising solely from a plaintiff's disagreement with generally applicable legal requirements do not constitute the type of concrete, particularized harm necessary for standing.

2. Injury Not Fairly Traceable to Each Named Defendant – *Lujan* requires that the injury be fairly traceable to the conduct of each specific defendant. Here, Plaintiff fails to connect the Cherokee Nation District Court or Robbins Wrecker Service to any unconstitutional action under color of state law. The Cherokee Nation District Court is a tribal entity engaged in judicial functions, and Plaintiff alleges no facts showing it ordered or directed the seizure of his vehicle. Robbins Wrecker Service is a private entity alleged only to have towed the vehicle. Conduct not plausibly alleged to be state action. As for the GRDA Police Department, Plaintiff does not identify the officer(s) involved or allege facts showing that the stop or seizure was unlawful under applicable constitutional standards.

3. Redressability is Speculative – Plaintiff seeks injunctive and declaratory relief confirming his "non-commercial status" and exemption from licensing laws. Federal courts cannot grant such relief because it would require this Court to declare him immune from generally applicable state regulatory schemes. A determination outside this Court's authority and contrary to binding precedent rejecting sovereign citizen theories. Moreover, monetary relief is unavailable against immune defendants, and Plaintiff has not shown any actionable basis for damages against Robbins Wrecker Service.

Because Plaintiff has not demonstrated a concrete injury, has failed to link any alleged harm to each defendant's conduct, and has not shown that his requested relief would remedy a legally cognizable harm, he lacks Article III standing. Absent standing, this Court has no jurisdiction to consider the merits of his claims.

## VI.  IMMUNITY DOCTRINES

To the extent Plaintiff challenges the actions of the Cherokee Nation District Court or its judges, those claims are barred by absolute judicial immunity. See *Quintana v. Waters*, 769 F. App'x 648, 649 (10th Cir. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978)). Prosecutorial immunity would likewise bar claims against tribal or state prosecutors acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

## VII.  YOUNGER ABSTENTION

If Plaintiff seeks to enjoin ongoing tribal or state criminal proceedings, *Younger v. Harris*, 401 U.S. 37 (1971), prohibits federal interference with pending prosecutions.

## VIII.  FRIVOLOUSNESS UNDER 28 U.S.C. § 1915(e)(2)(B)

A complaint is frivolous where it "lacks an arguable basis either in law or in fact," including claims based on "indisputably meritless legal theories" or "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). Plaintiff's complaint satisfies both categories.

First, the factual allegations are "clearly baseless" in that they are grounded in sovereign citizen rhetoric, self-created legal status, and misuse of the Uniform Commercial Code to claim exemption from generally applicable traffic laws. These contentions have been rejected by every federal court to consider them. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Charlotte v. Hansen, 433 F. App'x 660, 661 (10th Cir. 2011); United States v. Palmer, 699 F. App'x 836, 838 (10th Cir. 2017).

Second, the legal theories advanced are "indisputably meritless." Plaintiff asserts that unrebutted affidavits create binding legal obligations under UCC § 1-308, that his "non-commercial traveler" status exempts him from licensing, registration, and insurance requirements, and that he can recover damages under 18 U.S.C. §§ 241 and 242. These are not cognizable legal claims under federal law. The criminal statutes Plaintiff cites do not create private rights of action. *Kelly v. Rockefeller*, 69 F. App'x 414, 415–16 (10th Cir. 2003); *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987).

Because the complaint rests on both baseless factual allegations and legally foreclosed theories, it is frivolous within the meaning of § 1915(e)(2)(B)(i) and subject to dismissal on that ground alone.

## IX.     FUTILITY OF AMENDMENT

Even if the complaint were not dismissed as frivolous, dismissal with prejudice would still be warranted because amendment would be futile. Amendment is futile where "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing an opportunity to amend would be futile." *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991)); see also *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

Here, the defects are legal, not factual, and cannot be cured through repleading:

- No Private Right of Action Under §§ 241 or 242 – Plaintiff's claims under 18 U.S.C. §§ 241 and 242 fail as a matter of law because those criminal statutes authorize prosecution by the United States but do not permit civil enforcement by private individuals. *Kelly v. Rockefeller*, 69 F. App'x at 415–16; *Newcomb v. Ingle*, 827 F.2d at 677 n.1; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994);
- Sovereign Citizen Theories Are Incapable of Legal Rehabilitation – Plaintiff's reliance on "non-commercial traveler" status, UCC filings, and self-declared immunity from generally applicable laws is a legal theory that has been universally rejected "however they are presented." *Benabe*, 654 F.3d at 767. Such theories are not curable by adding factual detail because the underlying premise is invalid as a matter of law.

- Jurisdictional and Immunity Bars – The Cherokee Nation District Court is protected by tribal sovereign immunity, and Robbins Wrecker Service is not plausibly alleged to have acted under color of state law. These immunity and state-action defects are not correctable by amendment.

Because the defects in Plaintiff's complaint are structural and incurable, allowing amendment would serve no purpose and would only perpetuate the misuse of judicial resources § 1915 was designed to prevent.

## IX.     CONCLUSION

Federal courts exist to vindicate rights, not to validate rhetoric. As John Adams declared at the founding of this nation, "We are a government of laws, and not of men." The rule of law does not bend to private theories or dissolve under pseudo-legal incantations. It binds us all: equally; firmly; and without exception. When a complaint challenges the legitimacy of the courts through doctrines already found meritless in every circuit, and seeks extraordinary relief without legal foundation, dismissal is not merely appropriate, it is required.

The sovereign citizen ideology is not merely incorrect, it is wholly incompatible with the rule of law. Courts are under no obligation to indulge claims grounded in fantasy, conspiracy, or invented legal codes, particularly when they seek to frustrate the proper enforcement of neutral laws that apply equally to all. As such, complaints based on sovereign citizen theories are routinely and appropriately dismissed under 28 U.S.C. § 1915(e)(2)(B), Rule 12(b)(6), or for want of jurisdiction under Rule 12(b)(1).

Where such theories are central to the complaint, as here, dismissal with prejudice is both legally proper and necessary to preserve the integrity of the judicial process.

The First Amendment protects the right to believe in sovereign citizen theories; it does not compel the judiciary to pretend they are law.

**IT IS THEREFORE THE RECOMMENDATION OF THIS COURT** that Plaintiff's Complaint (Docket No. 1) be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and, if applicable, 28 U.S.C. § 1915A(b).

Plaintiff is given fourteen (14) days from the date of service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. See *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Any objection shall be limited to ten (10) or fewer pages.

Dated this 12th day of August 2025.

JASON A. ROBERTSON
United States Magistrate Judge
Eastern District of Oklahoma